George JACOBSON

v.

**INSKIP MOTORS, INC.**

**No. 81–189–Appeal.**

Supreme Court of Rhode Island.

Aug. 4, 1983.

---

Marvin A. Brill, Charleson & Brill, Providence, for plaintiff.

Edwin H. Hastings, Tillinghast, Collins & Graham, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

The plaintiff brought this civil action in Superior Court seeking payment of wages, commissions, and severance pay allegedly due him after the defendant had terminated his employment.[1] The defendant, in response, filed a counterclaim and alleged that the plaintiff owed him money from a loan and for travel advances. The trial justice, sitting without a jury, entered judg-

ment for the plaintiff in the amount of $3,948.50, plus interest and court costs. This sum represented $476.50 in commission money due and $3,472 in severance pay. The trial justice dismissed the defendant's counterclaim. The defendant appeals.

The bare testimony adduced at trial indicated that plaintiff was employed by defendant as a sales manager and then as a general manager of a car dealership from January 1972 until November 1977. In November 1977 defendant demoted plaintiff to sales manager. The defendant terminated the plaintiff's job on December 22, 1977. As a general manager plaintiff had earned $480 a week plus a 10-percent commission; after demotion, he received $230 a week plus a 17-percent commission.

The testimony established that on at least two occasions defendant had paid severance pay to former employees. The plaintiff testified that one employee had worked for the company for approximately three years before defendant fired her and that defendant paid her a month's severance pay. Another employee had worked for defendant for twelve years and had received severance payments for several weeks. A letter, admitted into evidence as plaintiff's exhibit No. 1, from the then owner of the company to plaintiff's counsel stated that "Mr. Jacobson is certainly entitled to severance pay. One check has been mailed to him at his home. A second one is enclosed and a third one will follow, including his commission for December." (The plaintiff apparently based his claim for two months' severance pay on the fact that because one employee received one month's severance pay for three years' work, he was entitled to two months' pay for just under six years of work).

The defendant's witnesses, a general service manager and a salesman employed by defendant, testified that they did not know anyone who had received severance pay. The defendant introduced into evidence

1. The plaintiff also alleged that defendant had made statements about his reputation with "malicious intent" and sought punitive damages. He withdrew the allegation before he rested his case.

copies of two checks mailed to plaintiff; one check marked defendant's exhibit No. A–1 was for $230.77 and the second check marked defendant's exhibit No. A–2 was for $297.77. The second check included the December commission of $67.

The trial justice issued findings of fact and concluded that plaintiff had introduced sufficient evidence to establish that defendant made severance payments to two employees and that defendant produced no evidence "of any policy refuting the testimony of the plaintiff." Noting that plaintiff's compensation prior to his demotion, a demotion that occurred less than two months prior to his termination, was $480 per week, the trial justice found that plaintiff was entitled to eight weeks' severance pay at the rate of $480 per week, less $368 for money paid. The trial justice also determined that plaintiff was entitled to $476.50 in commission payments.

The defendant concedes that plaintiff is entitled to severance pay; however, he contests the amount of pay. He does not contest the $476.50 in commission payments awarded to plaintiff. The defendant argues that the trial justice misconceived material evidence or was clearly wrong in finding that plaintiff was entitled to eight weeks' severance pay at $480 per week and that plaintiff had received only $368 in partial payment. The plaintiff maintained that because he had worked for defendant approximately six years and had contributed to the company's success, he should receive two months' severance pay.

 We have repeatedly held that on appeal from a decision of a trial justice sitting without a jury, this court affords great weight to his findings of fact and we shall not set those findings aside unless appellant can show that the trial justice overlooked or misconceived material evidence or was clearly wrong. *Wickes v. Kofman,* 121 R.I. 698, 703, 402 A.2d 591, 593 (1979).

 It is clear from plaintiff's exhibit No. 1, a letter from the then owner of defendant company to plaintiff's counsel, that he was entitled to severance pay. In addition, the record discloses that on two prior occasions employees had received severance pay upon termination or retirement. It is apparent from these two instances that the amount of severance pay was determined by the period of one's service. The evidence submitted by plaintiff concerning a severance policy was uncontroverted. The defendant agrees that plaintiff is entitled to some severance pay; however, defendant's witnesses had no knowledge of company policies. They testified that they were unaware of any employee who had received severance pay. Therefore, we cannot conclude that the trial justice overlooked or misconceived material evidence or was clearly wrong in finding that plaintiff was entitled to two months' severance pay.[2]

The defendant also maintains that the plaintiff received three severance checks at $230.77 per week, which totaled $692.31. It is clear from the plaintiff's testimony that he did not receive the third check. Indeed, defense counsel stated at trial that "[plaintiff's] entitlement, we suggest, does not go beyond plaintiff's exhibit No. 1, that there should be one additional check of $230 and we suggest an order be entered awarding that amount." However, the trial justice in his decision subtracted $368 from the total award as reflecting a sum already paid. It is evident from the defendant's exhibits Nos. A–1 and A–2 that the payments received by the plaintiff, excluding $67 from a commission payment, totaled $461.54. Thus, this sum should have been subtracted from the total award, not $368.

The defendant's appeal is denied in part and sustained in part. The case is remanded to the Superior Court with the direction that the court subtract $75.54 (the difference between $461.54 and $368) from the amount awarded to reflect the total amount of severance money paid.

---

2. The defendant does not question the trial jus-    tice's conclusions of law.